In re REDDING.

(District Court, S. D. Florida. December 12, 1922.)

1. Estoppel ⬅29(2)—Holder of chattel morgage cannot question bankrupt's title.

The holder of a chattel mortgage given by bankrupt is in no position to question bankrupt's title to the property.

2. Bankruptcy ⬅184(2)—Unrecorded chattel mortgage held invalid as against trustee.

The rights of a mortgagee of an automobile whose mortgage was not acknowledged nor recorded until after bankruptcy of mortgagor, under the statutes of Florida (Rev. Gen. St. 1920, § 3838), which provide that, where mortgagor retains possession, a chattel mortgage must be recorded to be good as against creditors or subsequent purchasers, held inferior to those of the trustee, who has the rights of a judgment creditor, under Bankruptcy Act, § 47a (Comp. St. § 9631a).

In Bankruptcy. In the matter of Janie Redding, doing business as the Redding Clothing Company, bankrupt. On petition of Thomas J. Redding, Jr., to review order of referee. Petition denied.

Thomas W. Fielding, of Gainesville, Fla., for petitioner.
Altman & Morrow, of Tampa, Fla., for objecting creditors.
A. M. Roland, of Bushnell, Fla., for bankrupt.

CALL, District Judge. This cause coming on for a hearing upon the petition of Thos. J. Redding, Jr., to review the order of the referee, made herein October 31, 1922, denying the petition of said Redding to have a Hudson automobile turned over to him, or have his mortgage paid by the trustee. The facts seem to be as follows: The husband of the bankrupt purchased this automobile April 5, 1922, upon which all the purchase money was paid except $600. A promissory note, retaining title to the car in the seller, was given for this amount. Subsequently this automobile was given to the bankrupt and included in her assets at a valuation of $1,600. May 25th the bankrupt and her husband executed to T. J. Redding, Jr., a note secured by mortgage on the Hudson car for $1,350. This mortgage was not acknowledged for record until July 5th, on which day it was admitted to record; the bankrupt remaining in possession of the car.

A canceled check from T. J. Redding, Jr., to the husband of the bankrupt dated May 25th, which was paid by the bank on which it was drawn on July 10th, for $750 was filed in evidence. On June 30th an involuntary petition in bankruptcy was filed and adjudication followed on August 3d. On July 14th the retain title note was paid by the husband of the bankrupt. On October 31st, the referee made an order in which he denied the petition of T. J. Redding, Jr. It must be borne in

mind that the trustee herein takes the property of the bankrupt and has the same rights as a judgment creditor (Bankruptcy Act, § 47a [Comp. St. § 9631a]).

[1, 2] It is contended that the bankrupt had no title to the automobile because of the retain title note for $600, but this I do not think the claimant in this case will be heard to urge. On May 5th he dealt with the bankrupt as though it was her property, and if the title of the trustee fails on this account, then the right of the mortgagee certainly is in no better condition. However, the statutes of the state of Florida (Rev. Gen. St. 1920, § 3838) provide that mortgages of personal property, where possession remains in the mortgagor, must be recorded to avail against the claims of creditors or subsequent purchasers. Here the trustee occupies the position of a judgment creditor, and certainly as against his right, representing as he does the creditors of the bankrupt, must be held superior to that of claimant.

In addition, this transaction is between near relatives, just preceding the bankruptcy proceedings. The referee had the witnesses before him, saw their demeanor on the witness stand, etc., and his findings on the facts are entitled to great weight. Under the testimony in this case I do not feel that the court should disturb the order of the referee. ·

The petition to review will be denied. It will be so ordered.